1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD KENNETH MARTIN, JR.,              No.  2:16-cv-1881 MCE KJN P

12                     Petitioner,

13          v.                                FINDINGS & RECOMMENDATIONS

14   DAVID B. LONG,

15                     Respondent.

16

17   I.  Introduction

18          Petitioner is a state prisoner, proceeding without counsel.  Respondent moves to dismiss

19   this action as barred by the statute of limitations.  Petitioner filed an opposition[1] and an

20   addendum, and respondent filed a reply.  As set forth below, the undersigned recommends that

21   the motion to dismiss be granted.

22   II.  Legal Standards

23          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

25   petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

26   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

27

28   ---
     [1] Plaintiff styled his filing as "Objections to Magistrate's Findings and Recommendations," but
     the undersigned construed his filing as an opposition to respondent's motion.

                                              1

Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

(1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority

under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was

enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally,

this means that the statute of limitations is tolled during the time after a state habeas petition has

been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th

Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state

habeas petition is not entitled to the benefit of statutory tolling during the gap or interval

preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).

Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there

is no case 'pending' during that interval."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999),

overruled on other grounds by <u>Carey</u>, 536 U.S. at 214.  In <u>Carey</u>, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  <u>Id.</u>, 536 U.S. at 220, 222-23.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).

III.  <u>Chronology</u>

   For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

   1.  In 1996, petitioner pled guilty to assault with a firearm upon a peace officer, second degree robbery, and five counts of taking a hostage, and admitted the firearm use enhancement as to each count.  (Respondent's Lodged Document ("LD") 1-2.)  In 1997, in exchange for his guilty plea, petitioner was sentenced to 33 years and four months.  (LD 2.)

   2.  Petitioner filed an appeal.  On January 29, 1999, the California Court of Appeal for the Third Appellate District dismissed petitioner's appeal because he failed to obtain a certificate of probable cause.  (LD 2.)  Petitioner filed a petition for rehearing.  (LD 2.)  On February 26, 1999, the petition for rehearing was denied, but the opinion was modified to include the following footnote:

> In his petition for rehearing, defendant asserts that the prior order of the Supreme Court to deem the present appeal "perfected to the extent permitted by California Rules of Court, rule 31(d) and" *[People v.] Panizzon, [(1996) 13 Cal. 4th 68, 76]*, permitted defendant to appeal "from the judgment in its entirety." Defendant's assertion is untenable.  In *Panizzon, supra,* our Supreme Court concluded that to the extent a defendant's appellate challenge was actually a challenge to the validity of the plea, a defendant must comply with section 1237.5 and rule 31(d). *Panizzon, supra,* plainly does not authorize defendant's appellate challenge, which amounts to an attack on the validity of the plea, without first seeking and obtaining a certificate of probable cause.

(LD 2.)  Nevertheless, there was no change in the judgment.  (LD 2 at 2.)

3

1       3.  On March 8, 1999, petitioner filed a petition for review in the California Supreme

2   Court.  (LD 4.)  The California Supreme Court denied the petition on April 14, 1999.  (LD 5.)

3       4.  On September 2, 2015,[2] petitioner filed his first petition for writ of habeas corpus in

4   the Yolo County Superior Court.  (LD 6.)  On October 26, 2015, the superior court summarily

5   denied the petition.  (LD 7.)

6       5.  On November 16, 2015, petitioner filed a petition for writ of habeas corpus in the

7   California Court of Appeal for the Third Appellate District.  (LD 8.)  On December 30, 2015, the

8   appellate court denied the petition without comment.  (LD 9.)

9       6.  On January 8, 2016, petitioner filed a petition for writ of habeas corpus in the

10  California Supreme Court.  (LD 10.)  On October 14, 2015, the California Supreme Court denied

11  the petition.  (LD 11.)

12      7.  On June 24, 2016, petitioner constructively filed the instant federal petition.  See Rule

13  3(d) of the Federal Rules Governing Section 2254 Cases.

14  IV.  Statutory Tolling

15      Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that

16  petitioner's direct review became final or the date of the expiration of the time for seeking such

17  review.  Id.

18      On April 14, 1999, the California Supreme Court summarily denied petitioner's petition

19  for review on direct appeal.  Petitioner then had ninety days, or until July 13, 1999, to file a

20  petition for writ of certiorari with the U.S. Supreme Court.  See Sup. Ct. R. 13.  Because

21  petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations

22  began to run on July 14, 1999, and expired on July 14, 2000.  Bowen v. Roe, 188 F.3d 1157,

23  1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the

24  date "when the period within which the prisoner can petition for a writ of certiorari from the

25  ////

26

---

27  [2]  All of petitioner's state court filings were given benefit of the mailbox rule.  See Campbell v.

28  Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

United States Supreme Court expires[.]").  In other words, petitioner was required to file his petition for federal habeas relief by July 14, 2000.

The statute of limitations period expired on July 14, 2000.  Petitioner did not file any state court petition prior to the expiration of the limitations period.  Rather, all of petitioner's habeas petitions filed in state court were filed after the limitations period expired.  State habeas petitions filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect.  Ferguson, 321 F.3d at 823.  Thus, petitioner's habeas petitions filed in state court in 2015 and 2016, provide no tolling.

Petitioner did not file his federal petition until June 24, 2016, over fifteen years and eleven months after the limitations period expired.  Thus, petitioner failed to file his federal petition within the one year statute of limitations period.

Petitioner argues that he filed his federal petition immediately after he received the order from the California Supreme Court, and contends that the span of time between the filing of his state court petitions was not unreasonable.  However, as set forth above, petitioner's state court petitions were filed long after the federal statute of limitations period expired in 2000.  Thus, petitioner's state court petitions were untimely and cannot serve to toll the limitations period.

V.  Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'"  McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights."  Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

////

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner argues that he was diligent in pursuing his state court petitions and that "the issues raised in the habeas petition involve an illegal sentence and the miscarriage of justice." (ECF No. 20 at 3.) However, petitioner fails to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his federal petition, and that he was diligent from July 14, 1999, when the limitations period began, and July 14, 2000, when the limitations period expired. Petitioner's diligence in 2015 and 2016 does not provide equitable tolling for the limitations period which has already expired. Petitioner fails to allege facts suggesting he is entitled to equitable tolling for the almost sixteen year delay in filing the instant petition. Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling. See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza-Matthews, 432 F.3d at 1026.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mart1881.mtd.hc.sol